RECEIVED
MAR 30 2007
U.S. ATTORNEY
DISTRICT OF R.I.

# State of Rhode Island and Providence Plantations
## SUPERIOR COURT

[X] PROVIDENCE/BRISTOL [ ] KENT [ ] WASHINGTON [ ] NEWPORT

CIVIL ACTION, FILE No 07-474

PERRY BORRELLI JR.
Plaintiff

INTERNAL REVENUE SERVICE
Defendant

***Summons***

*To the above-named Defendant:*

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon Edward R. DiPippo Plaintiff's attorney, whose address is Attorney at Law 1062 Reservoir Avenue Cranston, RI 02910 an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you,exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

CLERK

Dated: 1/15/07

(Seal of the Superior Court)

# State of Rhode Island and Providence Plantations

..........................................,SC

## PROOF OF SERVICE

I hereby certify that on the .............................................. day of ...................................................... I served a copy of this summons and a copy of the complaint received therewith upon ............................................................................................

............................................................................................................................................................

in the following manner:

By delivering a copy of the summons and complaint to him/her personally.

By leaving a copy of the summons and complaint at his/her dwelling house,..............................................................

......................................................................................................, with a person of suitable age and discretion then residing therein. (Address)

By leaving a copy of the summons and complaint at his/her usual place of abode, ...........................................
......................................................................................................, with a person of suitable age and discretion then residing therein.

By delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process, namely ..................................................................................................................

such agent being one designated by statute to receive service, further notice as the statute requires was given as follows:

............................................................................................................................................................

............................................................................................................................................................

............................................................................................................................................................

Sheriff's Fees

Travel .......................... $............................

Service ........................ $............................

$............................

............................................................
Deputy Sheriff

CIVIL ACTION

FILE NO. ......07-174......

SUMMONS

SUPERIOR COURT

PERRY BORRELLI JR.

VS

INTERNAL REVENUE SERVICE

ATTORNEY FOR PLAINTIFF

Edward R. DiPippo
Attorney at Law
1062 Reservoir Avenue
Cranston, RI 02910

NOTE: Returnable to Plaintiff's Attorney forthwith after service. Proof of service to be filed within time during which the person served must respond.

RECEIVED
MAR 20 2007
U.S. ATTORNEY
DISTRICT OF R.I.

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

PERRY BORRELLI, JR.

vs.

JOSEPH CAPPELLI, RBMG, INC., and
the INTERNAL REVENUE SERVICE

CA No. 07- 474

# COMPLAINT

## PARTIES

1. Plaintiff, Perry Borrelli, Jr., is a resident of the City of New York, State of New York and the Town of Lincoln, State of Rhode Island, and is hereinafter referred to as "Borrelli".

2. Defendant, JOSEPH CAPPELLI, on information and belief, is a resident of the Town of North Providence, State of Rhode Island, and is hereinafter referred to as "Cappelli".

3. Defendant, RBMG, INC., hereinafter referred to as "RBMG", is a banking institution doing business in the State of Rhode Island, having a principal place of business at 7909 Parklane Road, Columbia, South Carolina, 29223, and is named as a Defendant solely by virtue of the fact that said Defendant is a holder of an interest in the real estate to which equitable relief is sought.

4. Defendant, INTERNAL REVENUE SERVICE, hereinafter referred to as "IRS", is named as a Defendant by virtue of the fact that said Defendant has filed three notices of lien against the interest of Defendant Cappelli in the real estate described herein.

## JURISDICTION

5. This Court has personal jurisdiction over each of the Defendant sand has subject matter jurisdiction of the claims asserted herein.

6. This Court has subject matter jurisdiction by virtue of the fact that the within action is an equitable action relating to title to real estate.

## GENERAL ALLEGATION

7. By deed dated January 6, 2000 and recorded in the records of land evidence of the Town of North Providence in Book411 at Page 176, Borrelli purchased a certain parcel of real estate situated at 33 Steere Avenue, North Providence, Rhode Island; said real estate is more particularly described in the attached Exhibit A and is hereinafter referred to as "the real estate".

8. Borrelli purchased said real estate at the behest of Cappelli and agreed with Cappelli that Cappelli would reside in said real estate and, in lieu of payment of rent to Borrelli; Cappelli Defendant would pay the taxes, insurance, mortgage, water, repairs and upkeep for said real estate.

9. To finance the acquisition of said real estate Borrelli executed a first mortgage to Coastway; said mortgage is dated January 12, 2000 and is recorded in the records of land evidence of the Town of North Providence in Book 411 at Page 178.

10. By assignment dated January 12, 2000 and recorded in the records of land evidence of the Town of North Providence Coastway Credit Union assigned said mortgage to Defendant RBMG.

11. Cappelli entered into possession of said real estate on or about January 6, 2000.

12. Beginning in 2003, Cappelli failed to pay the taxes, insurance, mortgage, and upkeep for said real estate, and as a result thereof, RBMG commenced foreclosure proceedings.

13. On or about June, 2003, Borrelli instructed Cappelli that Borrelli would thereafter pay all taxes, mortgage and upkeep payments and that Cappelli was to pay Borrelli rent in the amount of $800.00 per month.

14. Shortly thereafter, Cappelli failed to pay Borrelli rent, and shortly thereafter, Borrelli instructed Cappelli to vacate the real estate.

15. On or about April, 2006 Borrelli entered into a purchase and sale agreement for the sale of said real estate.

16. On May 2, 2006 Cappelli recorded a purported notice of equitable interest in and to the real estate; said notice was recorded in the records of land evidence of the Town of North Providence in Book 2262 at Page 93 and is hereinafter referred to as "the notice". A copy of said notice is attached hereto and marked Exhibit B.

17. At no time did Borrelli ever convey or grant to Cappelli or did Borrelli ever intend to convey or grant to Cappelli any interest, legal or equitable, in and to the real estate.

18. Shortly thereafter, Defendant IRS recorded three (3) notices of tax liens on Cappelli's interest in and to said real estate. Said liens were recorded in the records of land evidence of the Town of North Providence as follows: (1) a lien in the amount of $1,134.05 recorded in Book 411 at Page 113; (2) a lien in the amount of $23,263.26 recorded in Book 521 at Page 320; and (3) a lien in the amount of $7,244.82 recorded in Book 619 at Page 237. Copies of said three liens are attached hereto and marked Exhibits C, D, and E.

## CAUSES OF ACTION

### COUNT I
### DECLARATORY JUDGMENT

19. As part of this count, Plaintiff repeats and reaffirms the allegations contained in Paragraphs 1 through 18 with the same force and effect as if fully and at length set forth herein.

20. Plaintiff asserts that the notice of lien recorded in the records of land evidence of the Town of North Providence in Book 2262 at Page 93 is null and void and of no effect whatsoever.

21. As a result of said assertion, a question of construction as arisen as to said notice.

WHEREFORE, Plaintiff, Perry Borrelli Jr., prays that Declaratory Judgment enter ordering and decreeing that notice of lien recorded in the records of land evidence of the Town of North Providence in Book 2262 at Page 93 is null and void and of no effect whatsoever.

### COUNT II
### INTERFERENCE WITH CONTRACTUAL RELATIONS

22. As part of this count, Plaintiff repeats and reaffirms the allegations contained in Paragraphs 1 through 18 with the same force and effect as if fully and at length set forth herein.

23. On or about April, 2006 Borrelli entered into a purchase and sale agreement for the sale of said real estate.

24. Cappelli, by recording the purported notice of lien, did knowingly, intentionally and maliciously interfere with said contract in order to prevent Borrelli and the purchaser therein from performing under said contract.

25. As a result of Cappelli's actions Borrelli was unable to perform under said contract and are prevented from conveying said real estate.

WHEREFORE, Plaintiff, Perry Borrelli, demands Judgment against Defendant Joseph Cappelli in a sum sufficient to establish jurisdiction of this Superior Court and in a sum sufficient to punish said Defendant and deter other from engaging in similar conduct together interest, costs and a reasonable attorney fee.

## COUNT III
## SLANDER OF TITLE TO REAL ESTATE

26. As part of this count, Plaintiff repeats and reaffirms the allegations contained in Paragraphs 1 through 18 with the same force and effect as if fully and at length set forth herein.

27. At all times herein mentioned Plaintiff Borrelli was and is the owner of the real estate.

28. Defendant, Joseph Cappelli, did maliciously, unjustly and wrongfully record a purported notice of lien, to cloud Plaintiff Perry Borrelli's title to said real estate.

29. Cappelli, through his pretended claims in and to Borrelli's real estate, has sought to impede Borrelli's possession of said real estate and Borrelli's conveyance of title thereto.

30. As a direct result of Cappelli's pretended claims in and to Borrelli's real estate, Borrelli has been denied the enjoyment, use and disposition of said real estate.

WHEREFORE, Plaintiff demands Judgment against Defendant Joseph Cappelli in a sum sufficient to establish jurisdiction of this Superior Court and in a sum sufficient to punish Defendant and deter other from engaging in similar conduct together interest, costs and a reasonable attorney fee.

## COUNT IV
## MONEY LENT

31. As part of this count, Plaintiff repeats and reaffirms the allegations contained in Paragraphs 1 through 18 with the same force and effect as if fully and at length set forth herein.

32. Defendant Cappelli owes Plaintiff Borrelli the sum of $40,000.00 for payments made by Borrelli on behalf of Defendant Cappelli.

WHEREFORE, Plaintiff demands Judgment against Defendant Cappelli in a sum sufficient to establish the jurisdiction of this Superior court together with interest and costs.

**COUNT V**
**UNJUST ENRICHMENT**

33. As part of this count, Plaintiff repeats and reaffirms the allegations contained in Paragraphs 1 through 18 with the same force and effect as if fully and at length set forth herein.

34. Defendant Cappelli will be unjustly enriched in that he will receive the benefit of the payments made by Plaintiff without having paid Plaintiff for same.

WHEREFORE, Plaintiff demands Judgment against Defendant Cappelli in a sum sufficient to establish the jurisdiction of this Superior court together with interest and costs.

PERRY BORRELLI, JR.
By his Attorney,

EDWARD R. DIPIPPO # 0370
1062 Reservoir Avenue
Cranston, RI 02910
Tel: (401) 943-3110
Fax: (401) 943-8189
e-mail: erdlaw@cox.net

Dated: January 15, 2007

Exhibit A

## PROPERTY DESCRIPTION

That certain lot of land with all the buildings and improvements thereon, situated on the northerly side of Steere Avenue, in the Town of North Providence, County of Providence, State of Rhode Island, laid out and designated as Lot Number Fifteen (15) on that certain plat entitled "River View Plat of House Lots Located at Centerdale, No. Prov., R.I. - belonging to - S. A. Kelly By W. C. Bourn, 1895" which said plat is recorded in the Town Clerk's office of said town of North Providence on Plat Card 14.

For reference purposes
33 Steere Avenue
North Providence, RI

Assessor Plat 14, Lot 267

DOC NO: 00003547
BOOK 2262 PAGE 93

AFFIDAVIT
AND
NOTICE OF CLAIM

Exhibit B

RE: 33 Steere Avenue, North Providence, RI
AP 14, Lot 267

Property Owner of Record: Perry Borrelli, Jr.

Equitable Owner: Joseph P. Cappelli

Now comes Joseph P. Cappelli, and being duly sworn, deposes and says that he is the equitable owner of the real estate referenced above, which is more particularly described herein, and that the record title owner is named for the said Joseph P. Cappelli only as a matter of convenience.

Legal Description of Premises:

That certain lot of land with all the buildings and improvements thereon, situated on the northerly side of Steere Avenue, in the Town of North Providence, County of Providence, State of Rhode Island, laid out and designated as Lot Number Fifteen (15) on that certain plat entitled, "River View Plat of house-lots located at Centerdale, No. Prov. R.I. – belonging to – S.A. Kelly By W. C. Bourn 1895", which said plat is recorded in the Town Clerk's office of said Town of North Providence on Plat Card 14.

Joseph P. Cappelli

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

On this 27th day of April, 2006, before me personally appeared Joseph P. Cappelli, proving to me through satisfactory evidence of identification, which was a RI Driver's License, to be the party described in and who executed the foregoing instrument, and acknowledged that they executed the same as his free act and deed.

Jill S. Votta
Notary Public
My Commission Expires: 6/16/09

RECEIVED FOR RECORD
NORTH PROVIDENCE, RI
MAY 02,2006 02:23:06P
MaryAnn DeAngelus
Clerk

Rec. MAY 2, 2006 @ 2:23