STATE OF RHODE ISLAND
PROVIDENCE, SC

SUPERIOR COURT

PERRY BORRELLI, JR. :

VS. : CA No. 07-474

JOSEPH CAPPELLI, RBMG, INC., and
The INTERNAL REVENUE SERVICE :

ANSWER OF THE DEFENDANT

Now comes the Defendant, Joseph Cappelli, and responds to the Plaintiff's complaint paragraph by paragraph as follows:

PARTIES

1. Admitted.
2. Admitted.
3. Admitted.
4. Admitted.

JURISDICTION

5. Admitted.
6. Admitted.

GENERAL ALLEGATIONS

7. Defendant neither admits nor denies the allegation contained in paragraph 7 and leaves the Plaintiff to his proof thereof.
8. Denied.
9. Admitted.
10. Admitted.
11. Admitted.
12. Admitted.
13. Admitted.

FILED
HENRY S. KINCH JR. CLERK
2007 MAR 16 A 7:46

14. Denied. The Defendant Cappelli moved out of the premises in March, 2006. The Plaintiff and Cappelli agreed to sell the property.
15. Defendant neither admits nor denies the allegation contained in paragraph 15 and leaves the Plaintiff to his proof thereof.
16. Admitted. Cappelli took this action after consultation with Attorney Jill Votta.
17. Denied. Prior to the purchase of the subject property, Cappelli had an agreement with his uncle, Borrelli whereby Borrelli would purchase the property as record title holder only, and hold bare legal title, however, said title would be for convenience only. The purpose of this agreement was to obtain more favorable credit terms for the funds needed to purchase the subject property. Cappelli provided the down payment for the property and for the initial three years after the purchase of the subject property Cappelli was responsible for mortgage payments as well as water and sewer use fees, property taxes, house insurance and maintenance.
18. Admitted.

COUNT I

19. Defendant reaffirms and realleges the allegations contained in paragraphs 1through 18 as if fully restated.
20. Denied. Cappelli asserts that the notice of lien was recorded in order to protect his equitable interest in the subject property.
21. Denied.

WHEREFORE, Defendant prays for an order denying and dismissing Plaintiff's complaint and grant Defendant's interest, costs and a reasonable attorney's fee.

COUNT II

22. Defendant Cappelli reaffirms and realleges the allegations contained in paragraphs 1 through 18 as if fully restated.
23. Defendant Cappelli neither admits nor denies the allegation contained in paragraph 23 and leaves the Plaintiff to his proof thereof.
24. Denied. Cappelli had no knowledge of the existence of a Purchase and Sales agreement for the sale of the subject property. Cappelli consulted with an attorney prior to the recording of this lien and was advised by counsel that this action was necessary in order to protect his interest in the subject property.
25. Admitted.

WHEREFORE, Defendant prays for an order denying and dismissing Plaintiff's complaint and grant Defendant's interest, costs and a reasonable attorney's fee.

COUNT III

26. Defendant Cappelli reaffirms and realleges the allegations contained in paragraphs 1 through 18 as if fully restated.
27. Denied. Plaintiff Borelli is the record title holder and for convenience only, holds bare legal title.
28. Denied. Cappelli acted after consultation with legal counsel. He recorded the aforementioned lien in a good faith effort to protect his equitable interest in the subject property.
29. Denied. Cappelli has a legitimate claim in the subject property and sought only to protect his interest therein.
30. Denied. Cappelli's interests are not pretense.

WHEREFORE, Defendant prays for an order denying and dismissing Plaintiff's complaint and grant Defendant's interest, costs and a reasonable attorney's fee.

COUNT IV

31. Defendant Cappelli reaffirms and realleges the allegations contained in paragraphs 1 through 18 as if fully restated.
32. Denied. Cappelli acknowledges that Borrelli has made payments on his behalf however, the sum of $40,000 is grossly exaggerated.

WHEREFORE, Defendant prays for an order denying and dismissing Plaintiff's complaint and grant Defendant's interest, costs and a reasonable attorney's fee.

COUNT V

33. Defendant Cappelli reaffirms and realleges the allegations contained in paragraphs 1 through 18 as if fully restated.
34. Denied. Cappelli contributed the majority of the financial means necessary to purchase and maintain the subject property. He is entitled to an equitable distribution of the proceeds from the sale of the property.

WHEREFORE, Defendant prays for an order denying and dismissing Plaintiff's complaint and grant Defendant's interest, costs and a reasonable attorney's fee.

First Affirmative Defense

The complaint fails to state a claim upon which relief can be granted.

Second Affirmative Defense

The Defendant's interest in the subject property are superior to that of the Plaintiff.

Third Affirmative Defense

The Plaintiff has failed to act in good faith and has otherwise embarked upon a course of conduct deliberately designed to defeat the purpose of the agreement between the parties and his performance thereunder.

WHEREFORE, the Defendant, Joseph Cappelli, prays that this Court:

A. Enter judgment for the Defendant, dismissing all claims;
B. Award the Defendant his costs, expenses and attorney's fees; and
C. Grant such further relief as the Court may deem just.

COUNTER CLAIM
COMMON ALLEGATIONS

35. Defendant Cappelli hereby incorporates by reference the allegations contained in paragraphs 1 through 18 hereof, as though the same were herein set forth fully and at length.
36. On or about December, 1999, Cappelli entered into discussions relative to the purchase of real estate for the purpose of providing a residence for Cappelli.
37. The parties agreed that, since Cappelli had just recently divorced and had credit problems, Borrelli would obtain the necessary financing for the benefit of Cappelli. Cappelli provided the down payment and agreed to make all necessary payments incident to ownership of the property, i.e., mortgage payments, property taxes, water and sewer use fees, house insurance, etc.
38. Borrelli purchased the real estate located at 33 Steere Avenue, No. Providence, RI, previously referred to and more particularly described in Exhibit A.
39. Cappelli resided in said real estate for several years and made timely payments regarding ownership of the property.
40. On or about June, 2003, due to a failure by Cappelli to continue to make timely mortgage payments, Cappelli was instructed by Borrelli to pay rent in the amount of $800 as compensation for taxes, mortgage payments, and upkeep on the property.

41. On or about December, 2005, the parties agreed that Cappelli would vacate the premises and that the property would be sold.

42. On or about April 12, 2006, Cappelli consulted with Attorney Jill Votta regarding his rights in the subject real estate. Attorney Votta recommended filing a notice of equitable interest in the records of land evidence with the Town of North Providence which was recorded on May 2, 2006.

COUNT 1
SPECIFIC PERFORMANCE

43. As part of this count, the Defendant, Cappelli repeats and reaffirms the allegations contained in paragraph 35 through 42 with the same force and effect as if fully and at length set forth herein.
44. The Agreement between the parties was sufficiently definite such that the Defendant is entitled to specific performance.
45. Since real property is the subject matter of the contract, damages would not adequately compensate Cappelli for Borrelli's refusal to divide the interest in the subject property as required.
46. Defendant Cappelli has no adequate remedy at law.
47. Defendant Cappelli is suffering irreparable harm.
48. Defendant Cappelli has a high probability of success on the merits of his claim.
49. The equities of the controversy militate in favor of Cappelli and against the position of Borrelli.

WHEREFORE, The Defendant prays for the following relief:

a. Determine that the Defendant is entitled to specific performance from the Plaintiff with regard to the aforementioned agreement regarding ownership of the property.
b. Determine that the obligations made to Defendant by the Plaintiff are binding and specifically enforced.
c. That this Court specifically declare the validity of the referenced ownership agreement and equitably enforce its provisions by compelling the Plaintiff to comply therewith and upon the sale of the subject property to divide equitably any accrued interest in the property between the Plaintiff and the Defendant.
d. Award the Defendant its costs of attorney fees associated with prosecuting this matter pursuant to RIGL § 9-1-45.
e. That the Defendant be awarded additional monetary relief for damages, costs, losses and expenses incurred by he in prosecuting this

action and as a failure of the Plaintiff to perform pursuant to the Agreement.

f. Award the Defendant such further relief as this Court deems just and proper.

COUNT II
PROMISSORY ESTOPPEL

50. The Defendant repeats and realleges the allegations contained in paragraph 35 through 42 of its complaint as if fully stated herein.
51. Borelli made oral promises to Cappelli concerning the ownership of the aforementioned property. Borelli should have reasonably expected for said promises to have induced action and/or forbearance on the part of Cappelli.
52. Borelli's promises did induce action and/or forbearance on the part of Cappellil.
53. Cappelli did rely on the promises made by Borelli.
54. Borelli's promises should be binding upon him and injustice can only be avoided by the enforcement of the promises.

WHEREFORE, the Defendant prays for the following relief:

g. That this Court specifically declare the validity of the referenced contract and equitably enforce its provisions by compelling the Plaintiff to comply therewith.
h. That the Plaintiff be restrained from selling, offering to sell or otherwise transferring or otherwise encumbering the subject property without further permission of the Court.
i. Award the Defendant its costs of attorney fees associated with prosecuting this matter pursuant to RIGL § 9-1-45.
j. Award the Defendant such further relief as this Court deems just and proper.

COUNT III
BARE LEGAL TITLE

55. The Defendant, Cappelli, repeats and realleges the allegations contained in paragraph 35 through 42 as if fully stated herein.
56. The parties had an agreement in which Borrelli held bare legal title for convenience only.
57. The parties had an agreement in which Cappelli would possess an equitable interest in the subject property.

WHEREFORE, the Defendant, Cappelli, prays that this Court enter judgment for the Defendant and award him its costs, expenses and attorney's fees for the prosecution of this action.

COUNT IV
UNJUST ENRICHMENT

58. The Defendant, Cappelli, repeats and realleges the allegations contained in paragraph 35 through 42 as if fully stated herein.
59. The Plaintiff Borrelli made no initial investment in obtaining the property.
60. The Plaintiff Borrelli did not contribute to the payments incidental to ownership of the property, i.e., mortgage, taxes, insurance, etc. for the first three years of ownership.
61. Plaintiff Borrelli will be unjustly enriched in that he will receive the benefit of payments made by Cappelli without having paid Cappelli for the same.

WHEREFORE, Defendant demands judgment against Plaintiff in a sum sufficient to establish jurisdiction of this Superior Court together with interest and costs.

COUNT V
CONSTRUCTIVE TRUST

62. The Defendant repeats and realleges the allegations contained in paragraph 35 through 42 herein stated above as if restated at length herein.
63. The conduct, actions and intent of the parties establish a trust by operation of law, in which Borelli held the subject property for the benefit of Cappelli.
64. Borelli and/or his estate would be unjustly enriched if title remained solely in his name.
65. Borelli and/or his estate have an equitable duty and obligation to convey the property to Cappelli.
66. Cappelli has no adequate remedy at law.

WHEREFORE, Defendant, Cappelli, demands judgment against the Plaintiff in an amount sufficient to establish the jurisdiction of this Honorable Court, and , further, demands that this Honorable Court enter a decree to formalize and declare the trust in effect between the parties, convey the subject property to Cappelli and award costs, interest and attorneys fees and such other relief as this Honorable Court shall deem meet and just.

COUNT VI
RESULTING TRUST

67. The Defendant herein realleges and reaffirms the allegations contained in paragraph 35 through 42 herein stated above as if restated at length herein.
68. The parties had a contract, agreement or set of circumstances which put themselves in a confidential and fiduciary relationship which had Borelli and/or his estate acting as trustee for his nephew Cappelli concerning the subject property.

WHEREFORE, Defendant demands judgment against the Plaintiff in an amount sufficient to establish jurisdiction of this Honorable Court, and, further, demands that this Honorable Court enter a decree to formalize and declare the trust in effect between the parties, convey the subject property to Cappelli, and award costs, interest and attorneys fees and such other relief as this Honorable Court shall deem meet and just.

THE DEFENDANT HEREBY DEMANDS TRIAL BY JURY ON ALL COUNTS AS APPLICABLE.

JOSEPH CAPPELLI,
By his Attorney,

RICHARD A. PACIA #2348
50 Power Road
Pawtucket, RI 02860
Tel: (401) 728-1600
Fax: (401) 722-8719

CERTIFICATION

The undersigned hereby certifies that a copy of the within was mailed, postage prepaid, to Edward DiPippo, Esq. At 1062 Reservoir Ave., Cranston, RI 02910 on this 14 day of March, 2007.

Christopher Byrnes