**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| PERRY BORRELLI, JR., Plaintiff, | ) | Case No. 1:07-cv-143-ML-DLM |
| v. | ) | (Formerly Case No. 07-474 Providence County Superior Court) |
| JOSEPH CAPPELLI, RBMG, INC., and THE INTERNAL REVENUE SERVICE Defendants. | ) | |

**UNITED STATES' ANSWER**

Defendant, United States of America, improperly named as its agency the Internal Revenue Service, denies each and every allegation that is not specifically admitted below and otherwise submits the following answer to plaintiff's Complaint:

1. Plaintiff, Perry Borrelli, Jr., is a resident of the City of New York, State of New York and the Town of Lincoln, State of Rhode Island, and is hereinafter referred to as "Borrelli".

**ANSWER**: The United States lacks information sufficient to form a belief as to the truth of this allegation.

2. Defendant, JOSEPH CAPPELLI, on information and belief, is a resident of the Town of North Providence, State of Rhode Island, and is hereinafter referred to as "Cappelli".

**ANSWER**: The United States lacks information sufficient to form a belief as to the truth of this allegation.

3. Defendant, RBMG, INC., hereinafter referred to as "RBMG", is a banking institution doing business in the State of Rhode Island, having a principal place of business at 7909 Parkland Road, Columbia, South Carolina, 29223, and is named as a Defendant solely by virtue of the fact that said Defendant is a holder of an interest in the real estate to which equitable relief is sought.

**ANSWER**: The United States lacks information sufficient to form a belief as to the truth of this allegation.

4. Defendant, INTERNAL REVENUE SERVICE, hereinafter referred to as "IRS", is named as a Defendant by virtue of the fact that said Defendant has filed three notices of lien against the interest of Defendant Cappelli in the real estate described herein.

**ANSWER**: The United States admits that the Internal Revenue Service has filed three Notices of Federal Tax Lien with the Town of North Providence regarding the federal income tax liabilities of Defendant Cappelli. The United States denies that the Internal Revenue Service, as opposed to the United States, is the proper party to this action.

5. This Court has personal jurisdiction over each of the Defendants and has subject matter jurisdiction of the claims asserted herein.

**ANSWER**: The United States denies that it has waived sovereign immunity to be sued in this action except as a party to a quiet title action pursuant to 28 U.S.C. §2410(a). The

United States lacks information sufficient to form a belief as to the truth of the remainder of this allegation.

6. This Court has subject matter jurisdiction by virtue of the fact that the within action is an equitable action relating to title to real estate.

**ANSWER**: The United States admits that jurisdiction is proper in this Court, and that the United States has waived its immunity to be sued pursuant to 28 U.S.C. §2410(a) to the extent that it is a quiet title action as to property in which the United States has an interest by virtue of its federal tax liens.

7. By deed dated January 6, 2000 and recorded in the records of land evidence of the Town of North Providence in Book 411 at Page 176, Borrelli purchased a certain parcel of real estate situated at 33 Steere Avenue, North Providence, Rhode Island; said real estate is more particularly described in the attached Exhibit A and is hereinafter referred to as "the real estate".

**ANSWER**: The United States lacks information sufficient to form a belief as to the truth of this allegation.

8. Borrelli purchased said real estate at the behest of Cappelli and agreed with Cappelli that Cappelli would reside in said real estate and, in lieu of payment of rent to Borrelli; Cappelli Defendant would pay the taxes, insurance, mortgage, water, repairs and upkeep for said real estate.

**ANSWER**: The United States lacks information sufficient to form a belief as to the truth of this allegation.

9. To finance the acquisition of said real estate Borrelli executed a first mortgage to Coastway; said mortgage is dated January 12, 2000 and is recorded in the records of land evidence of the Town of North Providence in Book 411 at Page 178.

**ANSWER**: The United States lacks information sufficient to form a belief as to the truth of this allegation.

10. By assignment dated January 12, 2000 and recorded in the records of land evidence of the Town of North Providence Coastway Credit Union assigned said mortgage to Defendant RBMG.

**ANSWER**: The United States lacks information sufficient to form a belief as to the truth of this allegation.

11. Cappelli entered into possession of said real estate on or about January 6, 2000.

**ANSWER**: The United States lacks information sufficient to form a belief as to the truth of this allegation.

12. Beginning in 2003, Cappelli failed to pay the taxes, insurance, mortgage, and upkeep for said real state, and as a result thereof, RBMG commenced foreclosure proceedings.

**ANSWER**: The United States lacks information sufficient to form a belief as to the truth of this allegation.

13. On or about June, 2003, Borrelli instructed Cappelli that Borrelli would thereafter pay all taxes, mortgage and upkeep payments and that Cappelli was to pay Borrelli rent in the amount of $800.00 per month.

**ANSWER**: The United States lacks information sufficient to form a belief as to the truth of this allegation.

14. Shortly thereafter, Cappelli failed to pay Borrelli rent, and shortly thereafter, Borrelli instructed Cappelli to vacate the real estate.

**ANSWER**: The United States lacks information sufficient to form a belief as to the truth of this allegation.

15. On or about April, 2006 Borrelli entered into a purchase and sale agreement for the said of said real estate.

**ANSWER**: The United States lacks information sufficient to form a belief as to the truth of this allegation.

16. On May 2, 2006 Cappelli recorded a purported notice of equitable interest in and to the real estate; said notice was recorded in the records of land evidence of the Town of North Providence in Book 2262 at Page 93 and is hereinafter referred to as "the notice". A copy of said notice is attached hereto and marked Exhibit B.

**ANSWER**: The United States lacks information sufficient to form a belief as to the truth of this allegation.

17. At no time did Borrelli ever convey or grant to Cappelli or did Borrelli ever intend to convey or grant to Cappelli any interest, legal or equitable, in and to the real estate.

**ANSWER**: The United States lacks information sufficient to form a belief as to the truth of this allegation.

18. Shortly thereafter, Defendant IRS recorded three (3) notices of tax liens on Cappelli's interest in and to said real estate. Said liens were recorded in the records of land evidence of the Town of North Providence as follows: (1) a lien in the amount of $1,134.05 recorded in Book 411 at Page 113; (2) a lien in the amount of $23,263.26 recorded in Book 521 at Page 320; and (3) a lien in the amount of $7,244.82 recorded in Book 619 at Page 237. Copies of said three liens are attached hereto and marked Exhibits C, D, and E.

**ANSWER**: The United States admits, and says further that its interest in the property at issue is based upon federal tax liens, created by operation of law, upon the assessment of tax liabilities.

19. As part of this count, Plaintiff repeats and reaffirms the allegations contained in Paragraphs 1 through 18 with the same force and effect as if fully and at length set forth herein.

**ANSWER**: The United States realleges its answers to Paragraphs 1 through 18 as if fully set forth herein.

20. Plaintiff asserts that the notice of lien recorded in the records of land evidence of the Town of North Providence in Book 2262 at Page 93 is null and void and of no effect whatsoever.

**ANSWER**: The United States lacks information sufficient to form a belief as to the truth of this allegation.

21. As a result of said assertion, a question of construction as [sic] arisen as to said notice.

**ANSWER**: The United States lacks information sufficient to form a belief as to the truth of this allegation.

22. As part of this count, Plaintiff repeats and reaffirms the allegations contained in Paragraphs 1 through 18 with the same force and effect as if fully and at length set forth herein.

**ANSWER**: The United States realleges its answers to Paragraphs 1 through 18 as if fully set forth herein.

23. On or about April, 2006 Borrelli entered into a purchase and sale agreement for the sale of said real estate.

**ANSWER**: The United States lacks information sufficient to form a belief as to the truth of this allegation.

24. Cappelli, by recording the purported notice of lien, did knowingly, intentionally and maliciously interfere with said contract in order to prevent Borrelli and the purchaser therein from performing under said contract.

**ANSWER**: The United States lacks information sufficient to form a belief as to the truth of this allegation.

25. As a result of Cappelli's actions Borrelli was unable to perform under said contract and are [sic] prevented from conveying said real estate.

**ANSWER**: The United States lacks information sufficient to form a belief as to the truth of this allegation.

26. As part of this count, Plaintiff repeats and affirms that allegations contained in Paragraphs 1 through 18 with the same force and effect as if fully and at length set forth herein.

**ANSWER**: The United States realleges its answers to Paragraphs 1 through 18 as if fully set forth herein.

27. At all times herein mentioned Plaintiff Borrelli was and is the owner of the real estate.

**ANSWER**: The United States lacks information sufficient to form a belief as to the truth of this allegation.

28. Defendant, Joseph Cappelli, did maliciously, unjustly and wrongfully record a purported notice of lien, to cloud Plaintiff Perry Borrelli's title to said real estate.

**ANSWER**: The United States lacks information sufficient to form a belief as to the truth of this allegation.

29. Cappelli, through his pretended claims in and to Borrelli's real estate, has sought to impede Borrelli's possession of said real estate and Borrelli's conveyance of title thereto.

**ANSWER**: The United States lacks information sufficient to form a belief as to the truth of this allegation.

30. As a direct result of Cappelli's pretended claims in and to Borrelli's real estate, Borrelli has been denied the enjoyment, use and disposition of said real estate.

**ANSWER**: The United States lacks information sufficient to form a belief as to the truth of this allegation.

31. As part of this count, Plaintiff repeats and reaffirms that allegations contained in Paragraphs 1 through 18 with the same force and effect as if fully and at length set forth herein.

**ANSWER**: The United States realleges its answers to Paragraphs 1 through 18 as if fully set forth herein.

32. Defendant Cappelli owes Plaintiff Borrelli the sum of $40,000.00 for payments made by Borrelli on behalf of Defendant Cappelli.

**ANSWER**: The United States lacks information sufficient to form a belief as to the truth of this allegation.

33. As part of this count, Plaintiff repeats and reaffirms the allegations contained in Paragraphs 1 through 18 with the same force and effect as if fully and at length set forth herein.

**ANSWER**: The United States realleges its answers to Paragraphs 1 through 18 as if fully set forth herein.

34. Defendant Cappelli will be unjustly enriched in that he will receive the benefit of the payments made by Plaintiff without having paid Plaintiff for same.

**ANSWER**: The United States lacks information sufficient to form a belief as to the truth of this allegation.

WHEREFORE, the United States seeks judgment in its favor determining that its federal tax liens attach to the property at issue, and granting to it its costs and such other and further relief as this Court deems just and proper.

## Affirmative Defenses

### First Affirmative Defense

To the extent that any relief is sought against the United States other than to quiet title to the property at issue, the United States is not a proper party to this action and has not waived its sovereign immunity.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Robert J. Kovacev
ROBERT J. KOVACEV
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6541
Fax: (202) 514-5238
Robert.J.Kovacev@usdoj.gov

**CERTIFICATE OF SERVICE**

I CERTIFY that service of the foregoing UNITED STATES' ANSWER has this 16th day of May, 2007, been made through electronic filing on the ECF system and upon the following by depositing a copy in the United States mail, postage prepaid, addressed to:

Edward R. DiPippo, Esquire
1062 Reservoir Avenue
Cranston, Rhode Island 02910

Richard Pacia, Esquire
50 Power Road
Pawtucket, Rhode Island 02860

RBMG, Inc.
7909 Parklane Road
Columbia, South Carolina 29223

/s/ Robert J. Kovacev
ROBERT J. KOVACEV
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6541
Fax: (202) 514-5238
Robert.J.Kovacev@usdoj.gov