**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| PERRY BORRELLI, JR., | ) | |
| | ) | Case No. 07-143ML |
| Plaintiff, | ) | |
| v. | ) | (Formerly Case No. 07-474 |
| | ) | Providence County Superior Court) |
| | ) | |
| JOSEPH CAPPELLI, RBMG, INC., and | ) | |
| THE INTERNAL REVENUE SERVICE | ) | Honorable Judge Mary M. Lisi |
| | ) | |
| Defendants. | ) | |

UNITED STATES' STATEMENT ON ITS AFFIRMATIVE DEFENSE PURSUANT TO LR 16(c)

The United States submits this statement concerning its affirmative defense pursuant to Local Rule 16(c).

FACTS

Perry Borrelli, Jr. appears to have filed this complaint to quiet title to certain property located at 33 Steere Avenue, North Providence, Rhode Island. Mr. Borrelli is the record owner of the property in question. Joseph Cappelli, the defendant, appears to have lived in and paid for the property for a number of years while title was in the name of Mr. Borrelli. Sometime in 2006, Mr. Borrelli apparently decided to sell the property. On or about May 2, 2006, Mr. Cappelli filed a lien with the Town of North Providence which claimed an equitable interest in the 33 Steere Avenue Property. The Internal Revenue Service had previously filed three notices of federal tax lien (on January 12, 2000, May 25, 2001, and February 8, 2002) against Mr. Cappelli. When Mr. Cappelli's interests attached to the 33 Steere property, the IRS liens

attached as well. Mr. Borrelli brought the present action to quiet title to the 33 Steere property and clear the title of all interests of Mr. Cappelli and the IRS.

UNITED STATES' AFFIRMATIVE DEFENSE

In its answer, the United States asserted the affirmative defense that if any relief is sought against the United States other than to quiet title to the property at issue, the United States is not a proper party and has not waived sovereign immunity.

A limited waiver of sovereign immunity is provided by 28 U.S.C. § 2410 for actions to quiet title, to foreclose a mortgage or other lien, to partition, to condemn, or in an interpleader with respect to "real or personal property on which the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410. While § 2410 may be used to challenge the procedural validity of IRS liens, the United States does not waive sovereign immunity for challenges to the underlying tax assessments. *See Progressive Consumers Fed. Credit Union v. United States*, 79 F.3d 1228 (1st Cir. 1996). Furthermore, a waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *See United States v. King*, 395 U.S. 1, 4 (1969).

To the extent the taxpayer in this action, Mr. Cappelli, or the plaintiff, Mr. Borrelli, challenge the underlying tax assessment, or seek relief other than to quiet title, the United States is not a proper party and has not waived its sovereign immunity.

ROBERT CLARK CORRENTE
United States Attorney

s/Alex T. Case
ALEX T. CASE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6499
Fax: (202) 514-5238
Alex.T.Case@usdoj.gov

## CERTIFICATE OF SERVICE

I CERTIFY that service of the foregoing NOTICE OF APPEARANCE has this 20th day of June, 2007, been made upon the following by depositing a copy in the United States mail, postage prepaid, addressed to:

Edward R. DiPippo, Esquire
1062 Reservoir Avenue
Cranston, Rhode Island 02910

Richard Pacia, Esquire
50 Power Road
Pawtucket, Rhode Island 02860

RBMG, Inc.
7909 Parklane Road
Columbia, South Carolina 29223

s/Alex T. Case
ALEX T. CASE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6499
Fax: (202) 514-5238
Alex.T.Case@usdoj.gov