IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

PERRY BORRELLI, JR.
Plaintiff,

VS. Case No. 1:07 –ev-143-ML-DLM

(Formerly Case No. 07-474
Providence County Superior Court)

JOSEPH CAPPELLI, RBMG, INC. and
THE INTERNAL REVENUE SERVICE
Defendant,

**PRE-TRIAL WRITTEN STATEMENT OF THE DEFENDANT, JOSEPH CAPPELLI PURSUANT TO LR 16(C)**

This case involves a dispute pertaining to the purchase, ownership and mortgage liability of real estate located at 33 Steere Avenue, North Providence, Rhode Island (the "subject property").

The Plaintiff, Perry Borrelli, Jr., ("Borrelli") alleges essentially that (1) he purchased the subject property; (2) the Defendant, Joseph Cappelli, ("Cappelli") was his tenant pursuant to an oral "triple net" lease; and (3) Cappelli defaulted under the terms of the lease. When Borrelli attempted to sell the subject property, he became aware that Cappelli had filed a "Notice of Equitable Interest".

Consequently, Borrelli filed a Complaint seeking the following relief:

1. That the Notice of Equitable Interest of Cappelli be declared null and void;
2. That Borrelli be granted Judgment against Cappelli, based upon Cappelli's acts which have interfered with Borrelli's contract to sell the property.

3. That Borrelli be granted Judgment against Cappelli, based on the fact that Cappelli has slandered Borrelli's title.
4. That Borrelli be granted Judgment against Cappelli, based on the fact that Borrelli loaned Cappelli $40,000.
5. That Borrelli be granted Judgment against Cappelli, to prevent Cappelli from depriving unjust enrichment.

Cappelli, on the other hand, vigorously disputes Borrelli's version of the facts and, in his counterclaim, Cappelli paints an entirely different picture.

Cappelli alleges that he approached his uncle, Borrelli, after he (Cappelli) had recently divorced. Cappelli apparently had located the subject property, and wanted to buy same, however, he had credit problems. Accordingly, Cappelli approached Borrelli to "help with the financing". Cappelli paid the deposit, found the property, negotiated the terms of the Purchase and Sale, was at the closing, undertook all efforts to bring the matter to closing, attend the closing and retained all the closing documents.

Borrelli's involvement was simply to help with the financing. Although title at the time of the closing was vested in Borrelli, Borrelli was only the "nominal title holder", merely held "bare legal title" and otherwise held the property "in trust" for Cappelli.

From 1999-2003, Cappelli lived at the subject property and exercised all incidents of ownership with respect thereto – e.g., paying the mortgage (which was mailed from the mortgage company to Cappelli at the subject property), paying taxes, sewer and water, paying insurance, paying utilities, maintaining the property, etc.

In June 2003, Cappelli started to have financial problems. Thereafter, Cappelli and Borrelli agreed Cappelli would pay $800 – per month to Borrelli.

In December 2005, Cappelli alleges that he and Borrelli agreed that Cappelli would vacate the property, that the property would be sold and the profits would be divided evenly between them.

When Cappelli found out that Borrelli was attempting to sell the property behind his back, he filed his "Notice of Lien".

Cappelli seeks specific performance of the "50/50 division of profits" agreement upon the sale of the property, that he and Borrelli previously had agreed upon.

Cappelli further alleges that Borrelli should be promissorily estopped from selling the property, without accounting to Cappelli for a division of the profits.

Cappelli further alleges that Borrelli held bare legal title, that Borrelli holds the property in constructive trust as well as resulting trust and that Borrelli would be unjustly enriched if he receives the benefits upon the sale of the subject property.

Defendant,
By and Through His Attorney,
Richard A. Pacia Law Associates, LLC

By: ______________________
Richard A. Pacia, Esquire (#2348)
50 Power Road, Suite 200
Pawtucket, Rhode Island 02860
(401) 728-1600

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the within was mailed, postage prepaid, to Edward R. DiPippo, Esquire, 1062 Reservoir Avenue, Cranston, Rhode Island 02910, RBMG, Inc., 7909 Parklane Road, Columbia, South Carolina 29223 and Alex T. Case, Esquire, Tax Division, U.S. Department of Justice, PO Box 55, Ben Franklin Station, Washington, DC 20044 on the 25th day of June 2007.

______________________