STATE OF RHODE ISLAND
PROVIDENCE, SC. SUPERIOR COURT

Exhibit A

PERRY BORRELLI, JR. :
:
vs. : CA No. 07-474
:
JOSEPH CAPPELLI, RBMG, INC., and :
the INTERNAL REVENUE SERVICE :

**REQUEST FOR PRODUCTION**
**UNDER RULE 34**

Now comes the Plaintiff and requests that Defendant JOSEPH CAPPELLI produce for examination and/or copy at the office of EDWARD R. DiPIPPO, 1062 Reservoir Avenue, Cranston, Rhode Island 02910 within forty (40) days from the date hereof, the following:

**INSTRUCTIONS**

I. Responses to these requests are to be based on (a) information, in whatever form or from whatever source that is available to you. Please make diligent inquiry of any and all persons, documents and other sources who or which may have any documents relating in any way to any of these requests.

2. If any request is objected to on the ground of a claim of privilege, please state the nature of the claimed privilege and the basis therefore, and identify each and every document withheld from production on the basis of the claim of privilege by indicating the type of document, the date on which it is was prepared, to whom it was prepared and all persons to whom it was addressed and/or furnished.

3. These requests require supplemental or amended responses to the extent required by Rules 26 and 34 of the Superior Court Rules of Civil Procedure.

**DEFINITIONS**

1. *Document* is used in the broad sense and includes any kind of written, printed or graphic matter, however produced or reproduced of any kind or description, whether sent or received or neither, including originals, copies and drafts of both sides thereof and including but no limited to: catalogs, papers, books, notices, graphs, sketches, accounts letters, photographs, objects, tangible things, correspondence, telegrams memoranda, notes, drafts of any documents, working papers, marginal notations, work papers, transcripts, minutes, reports and recordings of telephone or other conversations, or of interviews, or of conferences, or of other meetings, affidavits, statements, contracts agreements, ledgers, journals, books or records of account, summaries of account, balance sheets, income statements, checks (front and back) statistical records, desk or pocket calendars, appointment book (including pocket appointment books), diaries, rough

or scratch pad notes, lists, tabulations, summaries, sound recordings, computer printouts advertisements, data processing input or output, microfilms, all other records kept by electronic, photographic or mechanics means an things similar to any of the foregoing, however denominated, and any other documents or writings of whatever description. It includes documents prepared by parties and nonparties and their respective officers employees, directors, servants, and agents and others acting for or on behalf of any of the foregoing. *Document* means the original and any non-identical copy. Handwritten notations of any kind on the original or any copy of a document make in nonidentical.

2. *Correspondence* means any written or oral transmission of fact information or opinion, including any utterance, notation or statement of any nature whatsoever.

3. *Communication* means any oral or other transmission of fact, information, ideas or opinion, including, but not limited to, any utterance, notation, question, command, interjection, expression, gesture, suggestive conduct or statement of any nature, whatsoever, any conversation (whether by telephone or otherwise) or meeting.

4. *Complaint* means the Complaint filed in this matter by the Plaintiff.

5. *Person* means any natural person, corporation, association, firm, partnership, government agency-or other business or legal entity, and/or officers, employees, agents, servants, and representatives of such entities, as the context requires.

6. *You* means the person to whom these Requests are directed as well as their counsel, attorneys, advisors, consultants, representatives, and/or other persons acting for or on behalf of any of the foregoing.

7. *Relates(s) to* or any variation thereof (e.g. relating to or related to) means contain, record, discuss, mention, note, evidence, memorialize, analyze, describe, comment upon, refer to, have any connection with or have any tendency to prove or disapprove the matters forth.

10. The word *and* and the word *or*, where the context permits, shall be construed to mean and/or.

## REQUESTS

1. Any and all statements, reports, records or memoranda which relate to the claims set forth in the Complaint and your Counterclaim.

2. Any and all statements, reports, records or memoranda which you intend to introduce at trial or any hearing in the within matter.

3. Any and all drawings, videotapes, slides, photographs, or diagrams, sketches, digital images, maps, or blueprints which relate to the claims set forth in the

Complaint or your Counterclaim.

4. Any and all drawings, videotapes, slides, photographs, or diagrams, sketches, digital images, maps, or blueprints which you intend to introduce at trial or an hearing in the within matter.

5. Any and all correspondence and documents exchanged between you and the Plaintiff that refer or relate to the claims set forth in the Complaint or your Counterclaim.

6. True copies of all agreements or contracts entered into between you and the Plaintiff concerning the claims set forth in the Complaint or your Counterclaim.

7. True copies of all inspection reports prepared at any time on your behalf or on the behalf of your agents, servants, workmen or employees, or any governmental agency or private agency concerning the damage that you allege to have sustained.

8. True copies of all documents, including but not limited to bills, invoices, statements, records, or memoranda evidencing the damages you allege to have sustained in your Complaint.

9. All reports from each expert that you intend to call as a witness at trial.

10. All statements regarding the claims set forth in the Complaint or your Counterclaim, whether signed or unsigned, handwritten, typewritten or recorded by mechanical means, made by (a) the Plaintiff, his agents, servants and/or employees, (b) any of the Defendants, their agents, servants and/or employees, (c) any other persons who may have knowledge of the damages you allege or the subject matter of the within Complaint or the within Counterclaim.

PERRY BORRELLI
By his attorney

EDWARD R. DIPIPPO # 370
1062 Reservoir Avenue
Cranston, Rhode Island 02910
Tel: (401) 943-3110
Fax: (401) 943-8189
e-mail: erdlaw@cox.net

**CERTIFICATION**

I hereby certify that on March 19, 2007 I mailed a copy of the within reply to Richard A. Pacia, Esquire,50 Power Road, Pawtucket, Rhode Island 02860, and to Adi Goldstein, Esquire, Assistant United States Attorney, Office of the United States Attorney, 50 Kennedy Plaza, Providence, RI 2903.

EDWARD R. DiPIPPO

Attorney at Law
1062 Reservoir Avenue
Cranston, Rhode Island 02910

Telephone: (401) 943-311
Fax: (401) 943-818
e-mail: erdlaw@cox.ne

June 28, 2007

Exhibit B

Richard A. Pacia, Esquire
50 Power Road
Pawtucket, RI 02860

**RE: BORRELLI VS. CAPPELLI**

Dear Richard:

As you are aware we are now under a tight discovery schedule imposed by the Court.

On March 19, 2007 I served upon your client a set of **Interrogatories** and a **Request for Production**. The forty (40) days has elapsed and I have not yet received responses to same.

The purpose of this letter is to request that **Answers to the Interrogatories** and **Responses to the Request for Production** be provided. Should I not receive the outstanding discovery within ten (10) days of the date of this correspondence, I shall file Motions to Compel.

Please be advised that this correspondence is an effort to resolve this matter without Court intervention pursuant to *Rule 37*.

Very truly yours,

EDWARD R. DIPIPPO

cc. Alex T. Case, Esq.