**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| PERRY BORRELLI, JR. | : | |
| | : | |
| | : | Case No. 07-143 ML |
| | : | |
| JOSEPH CAPPELLI, RBMG, INC., and the INTERNAL REVENUE SERVICE | : | Honorable Judge Mary M. Lisi |

# PLAINTIFF'S SETTLEMENT CONFERENCE STATEMENT

## FACTS

In 2003 Plaintiff, Borrelli, purchased a residential investment property at 33 Steere Avenue, North Providence, Rhode Island. To finance the acquisition of this real estate, Borrelli executed a first mortgage to Coastway Credit Union; this mortgage was subsequently assigned by Coastway to Defendant RBMG. Defendant Cappelli is Plaintiff Borrelli's nephew and a licensed contractor. Cappelli located the property for Borrelli and proposed that he would reside in the property rent free, would pay the mortgage, taxes, insurance and upkeep and would remodel the property. The parties agreed.

Cappelli failed to pay the mortgage and taxes and the bills for remodeling materials. RBMG began foreclosure proceedings. Borrelli was forced to pay approximately $40,000.00 to bring the taxes and mortgage current and pay the unpaid bills relating to the property.

In April, 2006 Borrelli signed a purchase and sale agreement to sell the property. The buyer's title search revealed (1) a notice of lien filed by Cappelli and (2) Internal Revenue Service (IRS) liens against Cappelli's interests in real estate in North Providence.

Borrelli vigorously disputes the assertion by the Internal Revenue Service in its statement that the parties "understood" that Cappelli would be the "actual owner" or the property. To the contrary, Borrelli clearly testified that it was always understood that title was in Borrelli's name and that he, Borrelli, was purchasing this real estate (1) out of sympathy for his nephew Cappelli since Cappelli had no place to live and (2) that Cappelli convinced him that it would also be a good investment. The parties agreed that Borrelli purchased the real estate because Cappelli had bad credit and could not purchase real estate. Cappelli, in effect, was to be a tenant and not an owner. Clearly, the Internal Revenue Service joins with Cappelli in asserting that Borrelli acted as nominee for Cappelli since this ensures their ability to enforce their lien on the real estate.

Both Borrelli and Cappelli testified at their depositions that the original deposit check paid to the broker was paid by Borrelli. The check for the balance of the closing funds – approximately $300.00 – was paid by Borrelli. Check copies were presented to attest to this fact. At no time did Cappelli pay any of the costs for the closing. The lender was a lender that Borrelli previously did business with; the lender was not located by Cappelli. When Cappelli failed to pay the mortgage, taxes and insurance as agreed, he vacated the premises when Borrelli requested; he did not refuse to leave while asserting that he held an equitable interest in the real estate. Finally, at no time *prior* to the closing did Cappelli ever ask Borrelli to (1) act as guarantor of a mortgage and note with Cappelli as the sole purchaser of the property or (2) act as co-owner of the property and co-signer of the note and mortgage. Furthermore, at no time *after* the closing did Cappelli ever ask Borrelli to convey any interest in the property to him. Clearly, the

conduct of Cappelli confirms the fact that he and his uncle, Borrelli, understood that Cappelli was to have no interest, legal or equitable, in the real estate.

TRAVEL OF THE CASE

Borrelli brought the with action in Rhode Island Superior Court seeking (1) declaratory judgment declaring Cappelli's notice of lien null and void (2) damages for slander of title to Borrelli's real estate (3) damages for interference with the real estate contract (4) return of the approximately $40,000.00 paid for and on behalf of Borrelli. Mortgagee RBMG did not answer. Defendant Cappelli answered and counterclaimed alleging equitable title in the real estate by virtue, inter alia, of constructive and resulting trusts. Defendant IRS answered and removed the case to this court.

ISSUES

The underlying dispute is between Borrelli and Cappelli and their respective interests in the real estate. RBMG and IRS were named as defendants solely because this is an equitable action involving title to real estate and all parties in interest should be included. Borrelli acknowledges that RBMG has a first lien on the real estate and must be paid in full. Borrelli further acknowledges that IRS has a valid lien on any interest of Cappelli and does not contest the IRS liens. The issues before the Court are the respective interests of Borrelli and Cappelli in and to the real estate and whether Borrelli was a nominee for Cappelli as asserted by the Internal Revenue Service.

SETTLEMENT DISCUSSIONS

The parties have not exchanged formal offers and demands for settlement. At informal discussions the Internal Revenue Service suggested that if Borrelli acted as a nominee for Cappelli up to the time that Borrelli told Cappelli to vacate the premises, the

amounts paid by Cappelli for tax, insurance, and mortgage would be approximately $23,500.00 and that the IRS would accept this amount to release the lien on the real estate (the total lien is approximately $43,000.00). Cappelli has asserted that he should be entitled to half of the profits after payment of all of the liens. Borrelli's position is that all of the net proceeds are his since he is the only owner, legal and equitable, of the real estate and that the tax liens to not attach to his interest.

For discussion purposes, it must be noted that there is a pending sale of the real estate for approximately $168,000.00 and that the payoff balance of the mortgage encumbering the real estate is approximately $50,000.00. After payment of closing costs and expenses, Borrelli would realize a net balance of approximately $115,000.00. Taxes to the federal government and the State of Rhode Island would reduce this balance to approximately $95,000.00. Borrelli is owed approximately $40,000.00 from Cappelli, leaving a balance of $55,000.00.

Borrelli is prepared to continue settlement discussions and to file supplemental statements to reflect any such discussions.

PERRY BORRELLI, JR.
By his Attorney

/S/ Edward R. DiPippo__________

EDWARD R. DIPIPPO # 0370
1062 Reservoir Avenue
Cranston, RI 02910
Tel: (401) 943-3110
Fax: (401) 943-8189
e-mail: erdlaw@cox.net

**CERTIFICATION**

I hereby certify that on September 7, 2007 I mailed a copy of the within Statement to:

Richard Pacia, Esq.
50 Power Road
Pawtucket, RI 02860

Alex T. Case
Trial Attorney, Tax Division
U. S. Department of Justice
P. O. Box 55, Ben Franklin Station
Washington, DC 20044

RBMG, Inc.
7909 Parklane Road
Columbia, SC 29223

______________________________