**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| PERRY BORRELLI, JR., | ) | |
| | ) | Case No. 07-143ML |
| Plaintiff, | ) | |
| v. | ) | (Formerly Case No. 07-474 |
| | ) | Providence County Superior Court) |
| | ) | |
| JOSEPH CAPPELLI, RBMG, INC., and | ) | |
| THE INTERNAL REVENUE SERVICE, | ) | Honorable Judge Mary M. Lisi |
| | ) | Magistrate Judge Martin |
| Defendants. | ) | |

STIPULATED JUDGMENT AND ORDER

Now come the parties, Plaintiff Perry Borrelli, Jr., and Defendants Joseph Cappelli, RBMG, Inc., and the Internal Revenue Service, and agree and stipulate as follows:

1. The United States of America, on behalf of its agency the Internal Revenue Service, shall have a judgment lien against the property located at 33 Steere Avenue in North Providence, Rhode Island, in the amount of $25,000, subject to the adjustments described in paragraph 3, below.

2. If plaintiff Perry Borrelli does not satisfy the judgment lien within 120 days of the entry of this order, the judgment lien shall remain on the property and interest shall accrue, beginning on the 121st day after the entry of this order, at the rate specified by 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c).

3. If plaintiff Perry Borrelli sells the property, the proceeds of the sale of the property described in paragraph 1, above, shall be paid first to closing costs of the sale, to any outstanding real estate taxes, and then to fully pay the outstanding mortgage previously held by RBMG, Inc., and now serviced by EverHome Mortgage Company. Plaintiff Perry Borrelli shall also pay proceeds from the sale to the United States as follows: If the gross sale price of the property is $120,000 or less, the United States shall receive proceeds in the amount of $25,000, plus interest as provided in paragraph 2, above. If the gross sale price of the property is over $120,000, the United States shall receive $25,000 (plus interest) plus 25% of the difference between the sale price and $120,000. The United States shall not receive more than $34,000 in proceeds from the sale of the subject property, plus interest after 120 days at the rate specified by 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c).

4. If plaintiff Perry Borrelli refinances the property, or otherwise does not sell the subject property but tenders a sum to the United States to discharge its lien against the property, the United States shall receive $30,000, plus interest after 120 days at the rate specified by 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c).

5. Should plaintiff Perry Borrelli not satisfy the United States' judgment lien described in paragraph 1, above, the United States shall have the right to foreclose its lien against the subject property one (1) year after the entry of this stipulated order. In that event, the United States shall have the right to collect an amount from the foreclosure sale proceeds based on the same terms as for a sale by the plaintiff, as described in paragraph 3, above. Costs of the sale, including any fees of a receiver under 26 U.S.C. § 7403(d), shall be paid from the plaintiff's share of the proceeds. It is agreed that the judgment lien shall also be deemed to be a tax lien for purposes of 26 U.S.C. § 7403.

6. Plaintiff Perry Borelli shall pay the sum of $2,000.00 to defendant Joseph Cappelli for his attorney's fees in connection with this above-captioned action, and defendant Joseph Cappelli shall release any and all liens he claims or has filed against the property located at 33 Steere Avenue in North Providence, Rhode Island, and shall also execute a Quit Claim Deed conveying to plaintiff Perry Borrelli any interest that defendant Joseph Cappelli may claim in the property located at 33 Steere Avenue in North Providence, Rhode Island.

7. Defendant Joseph Cappelli will agree to the entry of judgment against him for the total amount of his outstanding federal income tax liabilities for the taxable years 1993, 1994, 1997, 1998, 1999, and 2000. Amounts collected pursuant to the above paragraphs shall be credited toward the judgment.

8. Upon the full payment of the judgment lien described in paragraph 1, above, the United States will release the federal tax liens against defendant Joseph Cappelli in connection with his federal income tax liabilities for the taxable years 1993, 1994, 1997, 1998, 1999, and 2000, and will mark as satisfied the judgment to be entered in accordance with paragraph 7, above, and will release the judgment lien specified in paragraph 1, above.

[The remainder of this page is intentionally left blank]

9. Except as prescribed in paragraph 6, above, each party shall bear its own costs of the action.

10. The parties hereby dismiss RBMG, Inc., from the action.

IT IS ORDERED, ADJUDGED, and DECREED:

Signed: This 1st Day of May, 2008

THE HONORABLE MARY LISI
UNITED STATES DISTRICT JUDGE
DISTRICT OF RHODE ISLAND

/s/Edward R. Dipippo
Edward R. Dipippo, Esquire
Attorney for Plaintiff Borrelli
1062 Reservoir Avenue
Cranston, Rhode Island 02910
Tel: 401-943-3110

/s/Richard Pacia
Richard Pacia, Esquire
Attorney for Defendant Cappelli
50 Power Road
Pawtucket, Rhode Island 02860
Tel: 401-728-1600

/s/Linda S. Charet
Linda S. Charet BBO# 666031
Senior Attorney
Federal Deposit Insurance Company
in is capacity as Receiver of NetBank
(misnamed in the caption as RBMG, Inc.)
20 Exchange Place - 6th Floor
New York, New York 10005
Tel: (917) 320-2853
Fax: (917) 320-2917
Email: lcharet@fdic.gov

ROBERT CLARK CORRENTE
United States Attorney

/s/Alex T. Case
ALEX T. CASE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6499
Fax: (202) 514-5238
Email: Alex.T.Case@usdoj.gov